BOIT & McKENZIE, plaintiffs in error, *vs.* RICHARD WILLIAMS, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

When, in an action for the price of sea fowl guano sold, the defendant set up that the article was valueless as a manure, and, on the trial, the Judge charged the jury that, in the sale of a manure, there was an implied warranty that the article sold was reasonably fit for the purpose intended, but added, that if there was a kind of land that it was not fit for, it was the duty of the seller to notify the buyer of such unfitness:

*Held,* That whilst the Court was right as to the general rule, it was error to give in charge that it was the duty of the seller to notify the buyer as to the kind of land the manure was not suited for.

Factor's lien. Warranty. Before Judge CLARK. Macon Superior Court. December Term, 1872.

Boit & McKenzie foreclosed their lien against Richard Williams for commercial manures furnished to him, for the purpose of making his crop for the year 1871. The defendant filed a counter-affidavit, in which he set forth that the manures furnished were valueless, and not reasonably suited to the purposes for which intended, and that, instead of being of benefit to him, damaged him in the sum of $22 00.

Upon the trial, the Court charged the jury as follows, to-wit: "Reasonably suited means suited to any of the soils of the country—to gray lands or red lands, to uplands or low-lands. If it is not suited to a certain kind of arable land, the seller must so notify the purchaser at the sale. The purchaser is bound to use reasonable care and caution in putting out the fertilizer, and exercise reasonable care and diligence in the cultivation of the crop, and if the crop fails on account of his negligence in putting it on the land 'or in cultivating the crop, the purchaser is liable. The seller of a fertilizer does not warrant against the seasons, hence, if the fertilizer fails on account of the seasons, the purchaser is liable. The warranty which the law makes every seller make, is that the article is reasonably suited to the purpose for which it is sold, that it is a reasonably good fertilizer, that it will reasonably increase production, provided the land is well worked, and provided the seasons are favorable. That is the extent of his warranty."

The jury returned a verdict for the defendant. The plaintiffs moved for a new trial, upon the ground, amongst others, that the Court erred in charging the jury as aforesaid. The motion was overruled and the plaintiffs excepted.

W. A. HAWKINS; FORT & HOLLIS, for plaintiffs in error.

W. S. WALLACE; PHIL. COOK; N. A. SMITH, for defendant.

McCAY, Judge.

We think the Court erred in saying that the implied warranty of a vendor, that his wares are reasonably fit for the purpose intended, extends also to a warranty that a specified manure sold him will suit the vendee's land. We all know that in nearly all parts of the country, there is, in the same locality, a variety in the land. Can it be said that the vendor of a manure must inquire into the nature of the vendee's land, and be responsible if the vendee buys a manure not suited to

it? We do not agree with this view of the law. A vendor warrants, if he sells manure, that it is manure; that it is reasonably suited for giving additional capacity to land to produce a crop. No manure will do this on all lands—at least, no commercial manure. The planter who owns the land, and has, perhaps, several varieties in the same tract, must determine if it is suited to his land. Any other rule would not only be a great hardship, but would add to the statute terms which the Legislature has not put there.

Judgment reversed.